STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH CIRCUIT
COUNTY OF WINNEBAGO

| | |
|---|---|
| JEFFERY A. LAWSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DETECTIVE ROBERT VERUCHI, )<br>Badge No. 167, named in his individual capacity, )<br>THE CITY OF ROCKFORD, an Illinois )<br>Municipal Corporation, and )<br>RICHARD A. MEYERS, )<br>Named in his official capacity as )<br>Sheriff of Winnebago County, )<br>Illinois, )<br>    Defendants. ) | 08 C 50079<br><br><br>JUDGE KAPALA<br>MAGISTRATE JUDGE MAHONEY |

### RICHARD A. MEYERS 12 (b)(6) MOTION TO DISMISS

NOW COMES Defendant Richard A. Meyers, by his attorney, Martin P. Simpson, Assistant State's Attorney, and moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(6), to dismiss Plaintiff's Amended Complaint against him, and in support thereof states as follows:

1. Richard A. Meyers is sued in his official capacity as the duly elected Sheriff of Winnebago County, Illinois.

2. There are no allegations of a policy or custom against Sheriff Meyers to support an official capacity suit.

3. There are only two paragraphs, and part of another, in which allegations are made against Sheriff Meyers; one stating that Plaintiff claimed his innocents to employees of Sheriff Meyers and another in which Plaintiff's mother claimed her son's innocents to employees of Sheriff Meyers. There is a short statement in paragraph 37 alleging that Sheriff Meyers did not have a

policy of investigating individual claims of innocents by persons housed in the Winnebago County jail, not any allegation of a policy or custom to deprive the Plaintiff of any constitutionally protected rights.

4. Count 3 again alleges that Sheriff Meyers did not maintain a policy to investigate Plaintiff's claim of innocents, failing to claim any policy or procedure to deprive Plaintiff of any Constitutionally protected rights.

THEREFORE, Defendant Richard A. Meyers prays this Honorable Court do dismiss the counts against him with prejudice for failure to state a claim in which relief may be granted.

SHERIFF RICHARD A. MEYERS

BY: _____
Martin P. Simpson
Assistant State's Attorney

MARTIN P. SIMPSON, 6287401
Assistant State's Attorney
Winnebago County
400 W. State St., Suite 804
Rockford, IL 61101
815-319-4799
888-706-1761 (fax)

# CERTIFICATE OF SERVICE

I, Martin P. Simpson, Assistant State's Attorney for Winnebago County, Illinois, hereby certify I electronically filed the foregoing Motion with the Clerk of the Court on June 9, 2008 using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

          Matthew D. Tanner
          David Fritts

          _____
          Martin P. Simpson

MARTIN P. SIMPSON, Attorney Reg. No. 6287401
Winnebago County State's Attorney's Office
Assistant State's Attorney
400 W. State St. Suite 804
Rockford, IL 61101
815-319-4713
815-319-4798 (fax)
msimpson@co.winnebago.il.us

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH CIRCUIT
COUNTY OF WINNEBAGO

| | |
|---|---|
| JEFFERY A. LAWSON　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　) | |
| 　　　　Plaintiff,　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　) | |
| v.　　　　　　　　　　　　　　　　　　) | 08 C 50079 |
| 　　　　　　　　　　　　　　　　　　　) | |
| DETECTIVE ROBERT VERUCHI,　　　　　) | |
| Badge No. 167, named in his individual capacity, ) | |
| THE CITY OF ROCKFORD, an Illinois　　) | |
| Municipal Corporation, and　　　　　　　) | JUDGE KAPALA |
| RICHARD A. MEYERS,　　　　　　　　　) | MAGISTRATE JUDGE MAHONEY |
| Named in his official capacity as　　　　　) | |
| Sheriff of Winnebago County,　　　　　　) | |
| Illinois,　　　　　　　　　　　　　　　) | |
| 　　　　Defendants.　　　　　　　　　　) | |

**MEMORANDUM IN SUPPORT OF RICHARD A. MEYERS
12 (b)(6) MOTION TO DISMISS**

BACKGROUND

Plaintiff is a 43 year old male who shares a similar name with the actual perpetrator of the crime that Plaintiff was arrested for, though the names were spelled differently with a different middle initial, there is a twenty year difference in age and Plaintiff lived in Dixon, Illinois whereas the intended arrestee lived in Rockford, Illinois. In an unfortunate turn of events, a warrant was sworn out by Defendant Rockford Detective Robert Veruchi with the name, birth date and address for our Plaintiff and not the actual perpetrator. (Complaint para. 14 and 15).

On June 15, 2007, Plaintiff was pulled over in a routine traffic stop in Dixon, Illinois. Upon checking the license of Plaintiff, the officer discovered the warrant and arrested him. Two days later, on Sunday, June 19, 2007, the Rockford Police department retrieved plaintiff form the Ogle County jail and transferred him to the Winnebago County jail. (Complaint para. 23 through

26). On Tuesday, June 19, 2007, Plaintiff was brought before Judge Gary Pumilia for arraignment. Plaintiff was arraigned, appointed a Public Defender and remanded to the Winnebago County Jail by Judge Pumilia. On July 19, 2007, Plaintiff was again brought before Judge Rosemary Collins where bond was reduced and Plaintiff was given a recognizance bond and released. After another court appearance on August 02, 2007, the mistake was discovered and on August 16, 2007 all charges were dropped against Plaintiff.

Plaintiff was before a judge on at least 3 occasions and provided legal council, giving him ample opportunity to plead his innocence to the court. Plaintiffs complaint is that the Sheriff did not fully investigate his claims of innocence, even though by his own admission the warrant by which he was arrested was not only facially valid, it was indeed for him, listing his correct name, birth date and address.

## FAILURE TO STATE A CLAIM

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant "fair notice of what the suit is about and the grounds on which it rests." *Mosely v. Bd. of Educ. of City of Chicago,* 434 F.3d 527, 533 (7th Cir.2006). If it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in a complaint, a complaint must be dismissed. Also, in ruling on a motion to dismiss the Court must accept as true all well pled allegations in the complaint; legal conclusions or unsupported conclusions of fact are not sufficient. *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 2007 WL 1875995 (N.D. Ill.). In order so survive a motion to dismiss, a complaint "must set forth facts sufficient to establish a plausible entitlement to relief." *Id.* While allegations are made in the complaint against Sheriff Meyers for not having a policy to investigate claims of innocence

by the Plaintiff while housed at the Winnebago County jail, there was no possible way for the Sheriff to discover that the "Lawson" in custody was not the Lawson which had perpetrated the underlying crime, short of performing a full criminal investigation.

Plaintiff was arrested and held on a valid warrant for his arrest and remanded by a Judge to the Winnebago County jail. The primary case for evaluating these types of issues is *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). In *Baker*, plaintiff was arrested on a facially valid warrant for him. His brother had used his name and personal information when arrested some time earlier and had violated his bond. The warrant was issued using the information given by the brother and Baker was arrested. Mr. Justice Rehnquist held that "Respondent failed to satisfy § 1983's threshold requirement that the plaintiff be deprived of a right "secured by the Constitution and laws," and hence had no claim cognizable under § 1983." *Baker*, at 137. The Court went on to say that Baker was not attacking the validity of the warrant (as his claim against the Sheriff was concerned), but that he was complaining of being held "despite his protests of mistaken identity." *Id.* at 144. While the Court does say that an inmate could not be held indefinitely in the face of fervent claims of innocence, Baker, like Lawson was held pursuant to a valid warrant conforming to the requirements of the Fourth Amendment. After some amount of time there would be a deprivation of "liberty without due process of law." *Id.* at 145. However, in our present case, Lawson was brought before a Circuit Judge on a number of occasions and remanded into the custody of Sheriff Meyers. Clearly, here there was indeed "due process of the law" afforded to Lawson.

Further, to prevail on any official capacity claim under § 1983 against Sheriff Meyers, Plaintiff must show that his alleged constitutional injury resulted from the execution of the policies or customs of Sheriff Meyers. *Monell v. Dept. of Soc. Servs. of the City of New York*,

436 U.S. 658, 694 (1978). An official policy or custom sufficient to establish liability for a government entity under § 1983 can exist in three forms:

(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Phelan v. Cook County,* 463 F.3d 773, 789 (7th Cir. 2006). No policy or custom are pled against Sheriff Meyers nor is there any pleading to show that the Sheriff had any intention or state of mind to deprive Plaintiff of his rights. Rather, the allegation against the Sheriff is that he did <u>not</u> have a policy to perform a full criminal investigation in the face of a valid warrant, listing the Plaintiff with his correct name, birth date and address, and where the Plaintiff had been remanded by the Circuit Court to the Sheriff's custody. The *Baker* Court further held that the Sheriff was not "required by the Constitution to investigate independently every claim of innocence...[n]or is the official maintaining custody of the person named in the warrant required...to perform an error-free investigation of such a claim." *Baker*, at 143. While it is true that Lawson was held for almost 30 days before getting a recognizance bond and being released, he was being held pursuant to a valid warrant and by remand of the Circuit Court. Plaintiff also had competent council appointed to him with in 48 hours of his detainment by Sheriff Meyers in order ensure his Constitutional rights were protected. If his own council was not able to ascertain the truth of the mistake and bring it to the attention of the court, how would the Sheriff be able to do so short of a full criminal investigation?

CONCLUSION

For the above stated reasons Defendant Sheriff Richard A. Meyers prays this Honorable Court to dismiss him the above captioned Complaint, with prejudice.

SHERIFF RICHARD A. MEYERS

BY: _____
Martin P. Simpson
Assistant State's Attorney

MARTIN P. SIMPSON, 6287401
Assistant State's Attorney
Winnebago County, #546
400 W. State St., Suite 804
Rockford, IL 61101
815-319-4799
888-706-1761 (fax)