IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| JEFFERY A. LAWSON, </br></br>   Plaintiff, </br></br> v. </br></br> DETECTIVE ROBERT VERUCHI, </br> Badge No. 167, named in his individual capacity, </br> THE CITY OF ROCKFORD, an Illinois </br> Municipal Corporation, and </br> RICHARD A. MEYERS, </br> named in his official capacity as </br> Sheriff of Winnebago County, </br> Illinois, </br></br>   Defendants. | No.   08 C 50079 </br></br> Judge Kapala </br></br> Magistrate Judge Mahoney |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MEYERS' RULE 12(B)(6) MOTION**

Defendant Richard A. Meyers, named in his official capacity as the Sheriff of Winnebago County, Illinois, in which capacity he has the responsibility for the operation of the Winnebago county Jail, has moved pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the claim against him. Meyers' motion misconstrues the pleading burden on a civil rights plaintiff, and relies upon a number of factual assertions that are nowhere contained in the pleading he is attacking. Accordingly, his motion should be denied.

In his Memorandum, Meyers acknowledges that in what he characterizes as "an unfortunate turn of events," plaintiff Jeffery A. Lawson was arrested on June 15, 2007, based on a warrant that had been sworn out for him, even though he was "not the actual perpetrator" of the crime under investigation, and that Lawson was not released from the Winnebago County Jail until some 34 days later, on July 19, 2007. (Meyers Mem. at 1, 2.)

In his Complaint, Lawson alleges that this lengthy detention occurred notwithstanding his

"repeated pleas to Winnebago County Jail personnel," who "took [no] steps to investigate or rectify the situation" (¶ 31). He also alleges that his mother attempted to intercede on his behalf with a Winnebago County Jail officer, who told the mother "not to worry because these types of cases . . . never go to trial." (¶ 32.) He alleges that the Winnebago County Sheriff's Department is guilty of "the failure . . . to maintain a policy to take reasonable steps to ensure that persons held in its custody are in fact the persons wanted in connection with crimes." (¶ 37.) Lawson alleges that the Sheriff "had no policies or regulations in place to ascertain that persons delivered for detention in the Winnebago County Jail were in fact persons wanted for committing crimes, and no policies or regulations in place for following up on assertions of mistaken identity or improperly issued warrants." (¶ 52.) Lawson alleges that as a result of these "failures to maintain appropriate policies," his rights under the Fourth and Fourteenth Amendments to the Constitution were violated.

　　Meyers' motion to dismiss is predicated on an asserted failure to allege, in this "official capacity" claim, that the alleged injury resulted from the execution of the Sheriff's "policies or customs." Meyers asserts, under authority of *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978), that his local governmental unit cannot be held liable unless the constitutional deprivation arose from an official policy or custom.

　　In fact, it is well established that an *omission* in official policy is a valid basis for asserting municipal liability. *Calhoun v. Ramsey,* 408 F.3d 375, 379-80 (7th Cir. 2005) (one way to complain "about an express policy is to object to omissions in the policy"); *id.* at 380 ("[i]f the same problem has arisen many times and the municipality has acquiesced in the outcome, it is possible . . . to infer that there is a policy at work"). Likewise, "[a] widespread practice may

constitute an official policy with the force of law even thought the practice itself is not reduced to written form." *King v. East St. Louis School Dist. 189,* 496 F.3d 812, 817 (7th Cir. 2007).

In some instances, *Monell* liability may be predicated on inadequate training or supervision; "liability based on evidence of inadequate training or supervision requires proof of 'deliberate indifference' on the part of the local government." *Sornberger v. City of Knoxville, Illinois,* 434 F.3d 1006, 1029 (7th Cir. 2006). "This proof can take the form of either (1) failure to provide adequate training in light of foreseeable consequences; or (2) failure to act in response to repeated complaints of constitutional violations by its officers." *Id.* at 1029-30.

These references to "proof" and "evidence" point to a large problem with Meyers' motion. The motion is directed toward a complaint.

> The Supreme Court has made it very clear that federal courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability. To survive a motion to dismiss, a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint.

*McCormick v. City of Chicago,* 230 F.3d 319, 323-24 (7th Cir. 2000).

Accordingly, "*Monell* claims, just like every other civil claim in federal court not included within the specific exceptions set out in Rule 9(b), are governed by Rule 8(a)(2)'s notice pleading mandate, which 'requires that a complaint include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Marcavage v. City of Chicago,* 467 F. Supp. 2d 823, 828 (N.D. Ill. 2006).

Plaintiff's complaint meets this standard. Whether the complained-of acts and omissions "were taken pursuant to an official municipal policy of some nature are matters for discovery and proof." *Frontera v. City of Columbus,* 2008 WL 203026, *6 n.5, (S. D. Ohio 2008). In *Martinez*

3

*v. Warner,* 2008 WL 2331957 (E.D. Pa. 2008), plaintiff brought suit for wrongful arrest and incarceration. The court denied a motion to dismiss the *Monell* claim, holding that "[a]s a matter of law, a municipality may be held liable for a failure to provide sufficient safeguards against errors such as the mistake that resulted in Ms. Martinez's arrest." *Id.* at *12. The court emphasized the need for discovery into the defendants' policies and procedures, noting that "[p]rior to discovery, it would be difficult, if not impossible, for Ms. Martinez to know whether or how these municipalities safeguard against such mistakes . . . ." *Id.* at *12 n.13.

      Meyers' motion not only misconstrues a plaintiff's pleading requirements for *Monell* liability; his motion is also full of matters outside the pleadings. These matters are unsupported, and would be inappropriate for a Rule 12(b)(6) motion even if they were supported.

      For example, at page 2 of his Memorandum, Meyers' claims that Lawson was brought before Judge Pumilia for arraignment on June 19, 2007, where he had "ample opportunity to plead his innocence to the court"; and that he was appointed a Public Defender and remanded to the jail. Meyers' later claims, at page 4 of his Memorandum, that plaintiff "had competent council [sic] appointed to him with in [sic] 48 hours of his detainment by Sheriff Meyers . . . ." These factual assertions are nowhere in the challenged pleading, and have no place in a Rule 12(b)(6) motion. Moreover, as Rule 12(d) makes clear, even if such extrinsic matters were properly supported and this Court chose to consider them, "the motion must be treated as one for summary judgment under Rule 56," and only after parties are permitted "a reasonable opportunity to present all the material that is pertinent to the motion."

      Finally, Meyers' motion is predicated on the repeated claim that "there was no possible way for the Sheriff to discover that the 'Lawson' in custody was not the Lawson which had

perpetrated the underlying crime, short of performing a full criminal investigation." (Mem. at 3.) *See also* Mem. at 5 ("the allegation against the Sheriff is that he did *not* have a policy to perform a full criminal investigation").

These are fact-based arguments — red herrings, really — and the facts upon which they are based are contained nowhere in the complaint being attacked. Lawson has not alleged that the Sheriff had a duty to perform a "full criminal investigation," and has no intention of pursuing such a theory.

## CONCLUSION

Meyers' motion is flawed in several ways. It misconstrues the law under *Monell*, it misconstrues a plaintiff's pleading burden, it ignores the standards applicable to a Rule 12(b)(6) motion, and it introduces unsupported assertions not contained in the pleading being attacked. The motion should be denied.

>Respectfully submitted,
>
>  /s/ Matthew D. Tanner
> One of the Attorneys for Jeffery W. Lawson

Matthew D. Tanner (6202508)
TANNER & LEHMAN LLC
53 West Jackson Boulevard
Suite 400
Chicago, Illinois 60604
312.588.1970

David Fritts (0888672)
217 N. Dement Ave.
Dixon, Illinois 61021

## CERTIFICATE OF SERVICE

  Matthew D. Tanner, an attorney, hereby certifies that he caused a copy of the foregoing memorandum upon counsel of record, via the Court's electronic docket service, before the hour of 4 p.m. on June 25, 2008.

                 /s/ Matthew D. Tanner