STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH CIRCUIT
COUNTY OF WINNEBAGO

| | |
|---|---|
| JEFFERY A. LAWSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DETECTIVE ROBERT VERUCHI, )<br>Badge No. 167, named in his individual capacity, )<br>THE CITY OF ROCKFORD, an Illinois )<br>Municipal Corporation, and )<br>RICHARD A. MEYERS, )<br>Named in his official capacity as )<br>Sheriff of Winnebago County, )<br>Illinois, )<br>Defendants. ) | 08 C 50079<br><br><br>JUDGE KAPALA<br>MAGISTRATE JUDGE MAHONEY |

### REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO RICHARD A. MEYERS 12 (b)(6) MOTION TO DISMISS

Plaintiff assert that Meyers Motion to Dismiss is predicated on certain statements in the motion based on *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), which is not the case. The primary point in Meyers motion is that arising from *Baker*, not *Monell*. *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). The crux of Meyers attack on the Complaint is that if fails to state a claim against Meyers were relief can be sought. Plaintiff was before a judge on at least 3 occasions and provided legal council, giving him ample opportunity to plead his innocence to the court. Plaintiffs complaint is that the Sheriff did not fully investigate his claims of innocence, even though by his own admission the warrant by which he was arrested was not only facially valid, it was indeed for him, listing his correct name, birth date and address.

In order so survive a motion to dismiss, a complaint "must set forth facts sufficient to establish a plausible entitlement to relief." *Grochocinski v. Mayer Brown Rowe & Maw LLP*,

2007 WL 1875995 (N.D. Ill.). While allegations are made in the complaint against Sheriff Meyers for not having a policy to investigate claims of innocence by the Plaintiff while housed at the Winnebago County jail, there was no possible way for the Sheriff to discover that the "Lawson" in custody was not the Lawson which had perpetrated the underlying crime, short of performing a full criminal investigation.

Plaintiff was arrested and held on a valid warrant for his arrest and remanded by a Judge to the Winnebago County jail. The primary case for evaluating these types of issues is *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). In *Baker*, plaintiff was arrested on a facially valid warrant for him. His brother had used his name and personal information when arrested some time earlier and had violated his bond. The warrant was issued using the information given by the brother and Baker was arrested. Mr. Justice Rehnquist held that "Respondent failed to satisfy § 1983's threshold requirement that the plaintiff be deprived of a right "secured by the Constitution and laws," and hence had no claim cognizable under § 1983." *Baker*, at 137. The Court went on to say that Baker was not attacking the validity of the warrant (as his claim against the Sheriff was concerned), but that he was complaining of being held "despite his protests of mistaken identity." *Id.* at 144. While the Court does say that an inmate could not be held indefinitely in the face of fervent claims of innocence, Baker, like Lawson was held pursuant to a valid warrant conforming to the requirements of the Fourth Amendment. After some amount of time there would be a deprivation of "liberty without due process of law." *Id.* at 145. However, in our present case, Lawson was brought before a Circuit Judge on a number of occasions and remanded into the custody of Sheriff Meyers. Clearly, in the present case there was indeed "due process of the law" afforded to Lawson.

The *Baker* Court further held that the Sheriff was not "required by the Constitution to investigate independently every claim of innocence...[n]or is the official maintaining custody of the person named in the warrant required...to perform an error-free investigation of such a claim." *Baker*, at 143. While it is true that Lawson was held for almost 30 days before getting a recognizance bond and being released, he was being held pursuant to a valid warrant and by remand of the Circuit Court. Plaintiff also had competent council appointed to him with in 48 hours of his detainment by Sheriff Meyers in order ensure his Constitutional rights were protected. If his own council was not able to ascertain the truth of the mistake and bring it to the attention of the court, how would the Sheriff be able to do so short of a full criminal investigation?

## CONCLUSION

For the above stated reasons Defendant Sheriff Richard A. Meyers prays this Honorable Court to dismiss him the above captioned Complaint, with prejudice.

SHERIFF RICHARD A. MEYERS

BY: _____
Martin P. Simpson
Assistant State's Attorney

MARTIN P. SIMPSON, 6287401
Assistant State's Attorney
Winnebago County, #546
400 W. State St., Suite 804
Rockford, IL 61101
815-319-4799
888-706-1761 (fax)

# CERTIFICATE OF SERVICE

I, Martin P. Simpson, Assistant State's Attorney for Winnebago County, Illinois, hereby certify I electronically filed the foregoing Reply with the Clerk of the Court on July 1, 2008 using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

_____
Martin P. Simpson

MARTIN P. SIMPSON, Attorney Reg. No. 6287401
Winnebago County State's Attorney's Office
Assistant State's Attorney
400 W. State St. Suite 804
Rockford, IL 61101
815-319-4713
815-319-4798 (fax)
msimpson@co.winnebago.il.us